UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JESUS M. ROMERO, SR.,<br><br>                              Plaintiff,<br><br>                -against-<br><br>BELLEVUE HOSPITAL,<br><br>                              Defendant. | 23-CV-3706 (LTS)<br><br>ORDER TO AMEND |

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff, who is appearing *pro se*, brings this action under the Court's federal question jurisdiction, alleging that Defendant violated his rights. By order dated May 10, 2023, the Court granted Plaintiff's request to proceed *in forma pauperis* ("IFP"), that is, without prepayment of fees. For the reasons set forth below, the Court grants Plaintiff leave to file an amended complaint within 60 days of the date of this order.

## STANDARD OF REVIEW

The Court must dismiss an IFP complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction of the claims raised. *See* Fed. R. Civ. P. 12(h)(3).

While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in

original). But the "special solicitude" in *pro se* cases, *id*. at 475 (citation omitted), has its limits – to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.

Rule 8 requires a complaint to include enough facts to state a claim for relief "that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible if the plaintiff pleads enough factual detail to allow the Court to draw the inference that the defendant is liable for the alleged misconduct. In reviewing the complaint, the Court must accept all well-pleaded factual allegations as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009). But it does not have to accept as true "[t]hreadbare recitals of the elements of a cause of action," which are essentially just legal conclusions. *Twombly*, 550 U.S. at 555. After separating legal conclusions from well-pleaded factual allegations, the Court must determine whether those facts make it plausible – not merely possible – that the pleader is entitled to relief. *Id.*

### BACKGROUND

Plaintiff filed this complaint against Bellevue Hospital, invoking 21 U.S.C. § 360bbb-3; Title III of the Americans with Disabilities Act "(ADA)"; 18 U.S.C. §§ 241 and 242; the "New York City Administrative Code, Title 18 chapter 4-8-402;" and the "NYC Rights Article 4 sub-40-c." (ECF 1 ¶ I.A.) The following facts are drawn from the complaint.

On December 9, 2022, Plaintiff, his 12-year-old son, and his son's mother went to the Pediatric Dental Unit at Bellevue Hospital in Manhattan, and sat in the waiting area for a scheduled appointment. (*Id.* at 9.) When Plaintiff's son's name was called for the appointment, an "administrative clerk" told them that the son would need to wear a mask while "in the dental room." (*Id.*) Plaintiff told the clerk that "he" — presumably, the son — would not wear a mask; the clerk "ignored" Plaintiff and summoned "hospital authorities," who "escorted" Plaintiff and

his family "out of the hospital" without his son receiving treatment, which "caused" Plaintiff to "make a scene in front of" his son. (*Id.*)

Plaintiff claims that the hospital's mask rule

> goes against [Section 360bbb-3], where it clearly states that no emergency use authorized medical devices [can] be mandated, such as mask, face coverings, PCR Test and COVID19 vaccines.

(*Id.* at 9.) According to Plaintiff, "a refusal for an emergency use authorized product is a right." (*Id.*)

Plaintiff further claims that the hospital's conduct violated Title III of the ADA. (*Id.* at 13-14.) Plaintiff filed a complaint with the "patient relations department," and an "American Disabilities Act rights advocate" also wrote a letter to the hospital on Plaintiff's behalf, but Plaintiff received no response. (*Id.* at 10.)

Plaintiff alleges that this experience left him "emotionally distressed," for which he seeks money damages. (*Id.* ¶ IV.) Plaintiff also seeks an order

> Allow[ing] me + my son to be able to make all visits without requiring to wear masks whether it is dental check ups, primary care visits, etc. Also, if my son has dental appointments, primary care, appointments, or whatever it may be that I or more than 1 parent can go in with my son instead of just 1 parent.

(*Id.* at 7.)

On the same day that Plaintiff filed this complaint, he filed a substantially similar complaint against BronxCare Hospital. *See Romero v. BronxCare Hosp.*, ECF 1:23-CV-3708, 1 (S.D.N.Y. filed May 2, 2023) (pending).

## DISCUSSION

**A.      Claims on behalf of others**

The provision governing appearances in federal court, 28 U.S.C. § 1654, allows two types of representation: "that by an attorney admitted to the practice of law by a governmental

3

regulatory body, and that by a person representing himself." *Eagle Assocs. v. Bank of Montreal*, 926 F.2d 1305, 1308 (2d Cir. 1991) (internal quotation marks and citation omitted). Generally, a non-attorney parent cannot bring an action on behalf of his minor child in federal court without counsel. *See Tindall v. Poultney High Sch. Dist.*, 414 F.3d 281, 284 (2d Cir. 2005). Additionally, " because *pro se* means to appear for one's self, a person may not appear on another person's behalf in the other's cause. A person must be litigating an interest personal to him." *Iannaccone v. Law*, 142 F.3d 553, 558 (2d Cir. 1998); *Cheung v. Youth Orch. Found. of Buffalo, Inc.*, 906 F.2d 59, 61 (2d Cir. 1990) ("[I]t is not in the interests of minors . . . that they be represented by non-attorneys.").

Allegations in this complaint could be construed as raising claims on behalf of Plaintiff's son and his son's mother, but only Plaintiff's name is listed in the caption of the complaint, and only Plaintiff signed the complaint. Because Plaintiff has alleged no facts suggesting that he is an attorney, he may not assert claims on behalf of his son and his son's mother. The Court therefore construes the complaint as asserting claims only with respect to Plaintiff.

**B.     Claim against Bellevue Hospital**

Bellevue Hospital is a facility operated by the New York City Health + Hospitals Corporation (HHC). Although HHC has the capacity to be sued, *see* N.Y. Unconsol. Laws § 7385(1), Bellevue Hospital, as a facility within HHC, lacks the capacity to be sued. *Ochei v. Coler/Goldwater Mem'l Hosp.*, 450 F. Supp. 2d 275, 288 (S.D.N.Y. 2006) ("[A] facility owned and operated by HHC . . . may not be sued in its independent capacity"); *Ayala v. Bellevue Hosp.*, No. 94-CV-1551 (WHP), 1999 WL 637235, at *3 (S.D.N.Y. Aug. 20, 1999) ("[S]ince Bellevue is merely a facility within HHC, it too lacks the capacity to be sued."). The Court dismisses Plaintiff's claims against Bellevue Hospital and instead construes the claims to be directed towards HHC.

4

To state a claim under 42 U.S.C. § 1983 against an entity such as HHC, it is not enough for the plaintiff to allege that one of its employees or agents engaged in some wrongdoing. The plaintiff must show that the entity itself caused the alleged violation of the plaintiff's rights. *See Connick v. Thompson*, 563 U.S. 51, 60 (2011) ("A municipality or other local government may be liable under this section [1983] if the governmental body itself 'subjects' a person to a deprivation of rights or 'causes' a person 'to be subjected' to such deprivation.") (quoting *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 692 (1978)); *Mejia v. NYC Health & Hosp. Corp.*, No. 16-CV-9706, 2018 WL 3442977, at 5 (S.D.N.Y. July 17, 2018) ("As a municipal corporation, HHC and its employees are state actors for purposes of Section 1983.").

In other words, to state a Section 1983 claim against a municipal entity, the plaintiff must allege facts showing (1) the existence of a municipal policy, custom, or practice, and (2) that the policy, custom, or practice caused the violation of the plaintiff's constitutional rights. *See Jones v. Town of East Haven*, 691 F.3d 72, 80 (2d Cir. 2012); *Bd. of Cnty. Comm'rs of Bryan Cnty. v. Brown*, 520 U.S. 397, 403 (1997).

The Court grants Plaintiff leave to file an amended complaint naming HHC as the defendant, and alleging facts giving rise to a municipal liability claim against HHC.

C.   **Claim under the ADA**

The ADA prohibits discrimination against the disabled in major areas of life. The statute consists of three parts: Title I, 42 U.S.C. § 12111 *et seq.*, which prohibits discrimination in employment; Title II, 42 U.S.C. § 12131 *et seq.*, which prohibits discrimination by public entities; and Title III, 42 U.S.C. § 12181 *et seq.*, which prohibits discrimination in access to public accommodations. *PGA Tour, Inc. v. Martin,* 532 U.S. 661, 675 (2001).

Title II of the ADA provides that "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the

services, programs, or activities of a public entity, or be subjected to discrimination by any such entity." 42 U.S.C. § 12132. The Rehabilitation Act of 1973 includes a similar provision governing programs that receive federal funding. 29 U.S.C. § 794(a). To assert a claim under these provisions,

> a plaintiff must demonstrate that (1) he is a qualified individual with a disability; (2) the defendant is subject to one of the Acts; and (3) he was denied the opportunity to participate in or benefit from the defendant's services, programs, or activities, or was otherwise discriminated against by the defendant because of his disability."

*McElwee v. Cnty. of Orange*, 700 F.3d 635, 640 (2d Cir. 2012) (quoting *Powell v. Nat'l Bd. of Med. Exam'rs*, 364 F.3d 79, 85 (2d Cir. 2004)). Generally, "a defendant discriminates when it fails to make a reasonable accommodation that would permit a qualified disabled individual 'to have access to and take a meaningful part in public services.'" *Id*. at 640.

Title III of the ADA provides that "[n]o individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation." 42 U.S.C. § 12182(a). The provision further states that

> [i]t shall be discriminatory to afford an individual or class of individuals, on the basis of a disability or disabilities of such individual or class, directly, or through contractual, licensing, or other arrangements with the opportunity to participate in or benefit from a good, service, facility, privilege, advantage, or accommodation *that is not equal to that afforded to other individuals*.

42 U.S.C. § 12182(b)(1)(A)(ii) (emphasis added); *see also Camarillo v. Carrols Corp.,* 518 F.3d 153, 156 (2d Cir. 2008).

Because the standards under the ADA and the Rehabilitation Act "are generally the same and the subtle distinctions between the statutes are not implicated in this case, '[the Court will] treat claims under the two statutes identically'" for the purposes of this order, except where

otherwise noted. *Wright v. N.Y. State Dep't of Corrs.*, 831 F.3d 64, 72 (2d Cir. 2016) (quoting *Henrietta D. v. Bloomberg*, 331 F.3d 261, 272 (2d Cir. 2003)).

As a threshold issue, the Court must determine whether the complaint, liberally construed, shows that Plaintiff is disabled within the meaning of the ADA and Rehabilitation Act. A person is disabled under the statutes if the person has "a physical or mental impairment that substantially limits one or more major life activities." 42 U.S.C. § 12102(1)(A).

Plaintiff has not alleged facts showing that he has a disability. Even assuming that Plaintiff has a disability for the purpose of the ADA and the Rehabilitation Act and that he is subject to the protections of these statutes, Plaintiff has alleged no facts showing that he was denied the opportunity to participate in or benefit from Defendants' services, programs, or activities, or was otherwise discriminated against by Defendants *by reason of* a disability. *See Smith v. NYCHA*, 410 F. App'x 404, 406 (2d Cir. 2011) (summary order) (discussion in the context of claims under the Fair Housing Act and Title II of the ADA arising from NYCHA's failure to carry out repairs in its apartments). Plaintiff alleges that the health facility required masks but there are no allegations that it did so because of his disability. Plaintiff thus fails to show that Defendants discriminated against him because of his disability in violation of the ADA or the Rehabilitation Act.

The Court grants Plaintiff leave to amend his complaint to allege facts sufficient to state a claim under the ADA and the Rehabilitation Act. If Plaintiff chooses to amend his complaint, he must allege facts to support his disability discrimination claims. Plaintiff must demonstrate that he is a qualified individual with a disability, that Defendants are subject to the ADA and the Rehabilitation Act, and that he was denied the opportunity to participate in Defendants'

programs, activities, or services because of his disability or that Defendants otherwise discriminated against him because of his disability.

### D.   Claim under 21 U.S.C. § 360bbb-3

Plaintiff also invokes the Court's federal question jurisdiction in citing to 21 U.S.C. § 360bbb-3 of the Federal Food, Drug, and Cosmetic Act ("FDCA"), which sets out the statutory framework for emergency authorization of products by the FDA. *See* 21 U.S.C. 360bbb-3. The FDCA does not, however, create a private right of action allowing individuals to enforce alleged violations of the statute. *Arroyo-Bey v. Manhattan North Management Co. Inc.*, No. 22-CV-4789 (AT), 2022 WL 2805635 (S.D.N.Y. July 18, 2022); *Donohue v. Hochul*, No. 21-CV-8463 (JPO), 2022 WL 673636, at *7 (S.D.N.Y. Mar. 7, 2022) (citing *PDK Labs, Inc. v. Friedlander*, 103 F.3d 1105, 1113 (2d Cir. 1997)). Accordingly, there is no private right of action to enforce alleged violations of the emergency use authorization itself, as the private right of action to enforce an agency requirement "can extend no further than the personal right conferred by the plain language of the statute." *Taylor ex rel. Wazyluk v. Hous. Auth. of City of New Haven*, 645 F.3d 152, 153 (2d Cir. 2011). Accordingly, Plaintiff's claim under Section 360bbb-3 is dismissed for failure to state a claim on which relief may be granted.

### E.   Claims under federal criminal statutes

Plaintiff invokes federal criminal statutes under Title 18 of the United States Code. To the extent Plaintiff seeks to enforce criminal laws, that request must be denied. Plaintiff cannot initiate the arrest and prosecution of an individual in this Court because "the decision to prosecute is solely within the discretion of the prosecutor." *Leeke v. Timmerman*, 454 U.S. 83, 87 (1981). Nor can Plaintiff direct prosecuting attorneys to initiate a criminal proceeding against Defendant, because prosecutors possess discretionary authority to bring criminal actions, and they are "immune from control or interference by citizen or court." *Conn. Action Now, Inc. v.*

*Roberts Plating Co.*, 457 F.2d 81, 87 (2d Cir. 1972). Accordingly, the Court dismisses any criminal claims Plaintiff seeks to bring for failure to state a claim upon which relief may be granted. *See* 28 U.S.C § 1915(e)(2)(B)(ii).

F. **Claims under state law**

Plaintiff invokes several municipal regulations banning unlawful discrimination. A district court may decline to exercise supplemental jurisdiction of state law claims when it "has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). Generally, "when the federal-law claims have dropped out of the lawsuit in its early stages and only state-law claims remain, the federal court should decline the exercise of jurisdiction." *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n.7 (1988)).

Because Plaintiff has been granted leave to file an amended complaint, the Court determine at a later stage whether to exercise its supplemental jurisdiction of any state law claims he may be asserting. *See Kolari v. New York-Presbyterian Hosp.*, 455 F.3d 118, 122 (2d Cir. 2006) ("Subsection (c) of § 1367 'confirms the discretionary nature of supplemental jurisdiction by enumerating the circumstances in which district courts can refuse its exercise.'") (quoting *City of Chicago v. Int'l Coll. of Surgeons*, 522 U.S. 156, 173 (1997)).

**LEAVE TO AMEND**

Plaintiff proceeds in this matter without the benefit of an attorney. District courts generally should grant a self-represented plaintiff an opportunity to amend a complaint to cure its defects, unless amendment would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123-24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Indeed, the Second Circuit has cautioned that district courts "should not dismiss [a *pro se* complaint] without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) (quoting *Gomez v.*

9

*USAA Fed. Sav. Bank*, 171 F.3d 794, 795 (2d Cir. 1999)). In light of Plaintiff's *pro se* status, the Court grants him 60 days' leave to amend his complaint to detail his claims.

In the "Statement of Claim" section of the amended complaint form, Plaintiff must provide a short and plain statement of the relevant facts supporting each claim against each defendant. If Plaintiff has an address for any named defendant, Plaintiff must provide it. Plaintiff should include all of the information in the amended complaint that Plaintiff wants the Court to consider in deciding whether the amended complaint states a claim for relief. That information should include:

a) the names and titles of all relevant people;

b) a description of all relevant events, including what each defendant did or failed to do, the approximate date and time of each event, and the general location where each event occurred;

c) a description of the injuries Plaintiff suffered; and

d) the relief Plaintiff seeks, such as money damages, injunctive relief, or declaratory relief.

Essentially, Plaintiff's amended complaint should tell the Court: who violated his federally protected rights and how; when and where such violations occurred; and why Plaintiff is entitled to relief.

Because Plaintiff's amended complaint will completely replace, not supplement, the original complaint, any facts or claims that Plaintiff wants to include from the original complaint must be repeated in the amended complaint.

## CONCLUSION

Plaintiff is granted leave to file an amended complaint that complies with the standards set forth above. Plaintiff must submit the amended complaint to this Court's Pro Se Intake Unit within sixty days of the date of this order, caption the document as an "Amended Complaint,"

and label the document with docket number 23-CV-3706 (LTS). An Amended Complaint form is attached to this order. No summons will issue at this time. If Plaintiff fails to comply within the time allowed, and he cannot show good cause to excuse such failure, the complaint will be dismissed for failure to state a claim upon which relief may be granted.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

SO ORDERED.

Dated:   June 20, 2023
         New York, New York

                                             /s/ Laura Taylor Swain
                                             LAURA TAYLOR SWAIN
                                             Chief United States District Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

_____
_____
Write the full name of each plaintiff.

_____CV_____
(Include case number if one has been assigned)

-against-

**AMENDED**

_____
_____
_____

**COMPLAINT**

Do you want a jury trial?
☐ Yes   ☐ No

_____
Write the full name of each defendant. If you need more space, please write "see attached" in the space above and attach an additional sheet of paper with the full list of names. The names listed above must be identical to those contained in Section II.

**NOTICE**

The public can access electronic court files. For privacy and security reasons, papers filed with the court should therefore *not* contain: an individual's full social security number or full birth date; the full name of a person known to be a minor; or a complete financial account number. A filing may include *only*: the last four digits of a social security number; the year of an individual's birth; a minor's initials; and the last four digits of a financial account number. See Federal Rule of Civil Procedure 5.2.

Rev. 2/10/17

## I. BASIS FOR JURISDICTION

Federal courts are courts of limited jurisdiction (limited power). Generally, only two types of cases can be heard in federal court: cases involving a federal question and cases involving diversity of citizenship of the parties. Under 28 U.S.C. § 1331, a case arising under the United States Constitution or federal laws or treaties is a federal question case. Under 28 U.S.C. § 1332, a case in which a citizen of one State sues a citizen of another State or nation, and the amount in controversy is more than $75,000, is a diversity case. In a diversity case, no defendant may be a citizen of the same State as any plaintiff.

What is the basis for federal-court jurisdiction in your case?

☐ **Federal Question**

☐ **Diversity of Citizenship**

### A. If you checked Federal Question

Which of your federal constitutional or federal statutory rights have been violated?

_____

_____

_____

_____

### B. If you checked Diversity of Citizenship

#### 1. Citizenship of the parties

Of what State is each party a citizen?

The plaintiff, _____, is a citizen of the State of
              (Plaintiff's name)

_____
(State in which the person resides and intends to remain.)

or, if not lawfully admitted for permanent residence in the United States, a citizen or subject of the foreign state of

_____.

If more than one plaintiff is named in the complaint, attach additional pages providing information for each additional plaintiff.

If the defendant is an individual:

The defendant, _____, is a citizen of the State of
             (Defendant's name)

_____

or, if not lawfully admitted for permanent residence in the United States, a citizen or subject of the foreign state of

_____.

If the defendant is a corporation:

The defendant, _____, is incorporated under the laws of

the State of _____

and has its principal place of business in the State of _____

or is incorporated under the laws of (foreign state) _____

and has its principal place of business in _____.

If more than one defendant is named in the complaint, attach additional pages providing information for each additional defendant.

## II. PARTIES

### A. Plaintiff Information

Provide the following information for each plaintiff named in the complaint. Attach additional pages if needed.

_____

First Name              Middle Initial          Last Name

_____

Street Address

_____

County, City                    State                   Zip Code

_____

Telephone Number                Email Address (if available)

Page 3

## B. Defendant Information

To the best of your ability, provide addresses where each defendant may be served. If the correct information is not provided, it could delay or prevent service of the complaint on the defendant. Make sure that the defendants listed below are the same as those listed in the caption. Attach additional pages if needed.

Defendant 1: _____
              First Name                    Last Name

              _____
              Current Job Title (or other identifying information)

              _____
              Current Work Address (or other address where defendant may be served)

              _____
              County, City              State              Zip Code

Defendant 2: _____
              First Name                    Last Name

              _____
              Current Job Title (or other identifying information)

              _____
              Current Work Address (or other address where defendant may be served)

              _____
              County, City              State              Zip Code

Defendant 3: _____
              First Name                    Last Name

              _____
              Current Job Title (or other identifying information)

              _____
              Current Work Address (or other address where defendant may be served)

              _____
              County, City              State              Zip Code

Defendant 4: _____
             First Name              Last Name

             _____
             Current Job Title (or other identifying information)

             _____
             Current Work Address (or other address where defendant may be served)

             _____
             County, City          State          Zip Code

## III. STATEMENT OF CLAIM

Place(s) of occurrence: _____

Date(s) of occurrence: _____

**FACTS:**

State here briefly the FACTS that support your case. Describe what happened, how you were harmed, and what each defendant personally did or failed to do that harmed you. Attach additional pages if needed.

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

Page 5

_____

_____

_____

_____

_____

_____

_____

_____

_____

**INJURIES:**

If you were injured as a result of these actions, describe your injuries and what medical treatment, if any, you required and received.

_____

_____

_____

_____

_____

## IV. RELIEF

State briefly what money damages or other relief you want the court to order.

_____

_____

_____

_____

_____

## V. PLAINTIFF'S CERTIFICATION AND WARNINGS

By signing below, I certify to the best of my knowledge, information, and belief that: (1) the complaint is not being presented for an improper purpose (such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation); (2) the claims are supported by existing law or by a nonfrivolous argument to change existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Federal Rule of Civil Procedure 11.

I agree to notify the Clerk's Office in writing of any changes to my mailing address. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Each Plaintiff must sign and date the complaint. Attach additional pages if necessary. If seeking to proceed without prepayment of fees, each plaintiff must also submit an IFP application.

| Dated | Plaintiff's Signature |
|---|---|

| First Name | Middle Initial | Last Name |
|---|---|---|

Street Address

| County, City | State | Zip Code |
|---|---|---|

| Telephone Number | Email Address (if available) |
|---|---|

I have read the Pro Se (Nonprisoner) Consent to Receive Documents Electronically:

☐ Yes    ☐ No

If you do consent to receive documents electronically, submit the completed form with your complaint. If you do not consent, please do not attach the form.

Page 7