UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JESUS M. ROMERO, SR., *individually and on behalf of J.R., a minor*,<br><br>       Plaintiff,<br><br>-against-<br><br>BERNADETTE SMALLS, *Patient Representative of Patient Relations*; SARAH BETH LARDIE, *Executive Director of Bellevue Hosp.*, MARGARET McHUGH M.D.; DR. CATAPANO, *Pediatric Dental Department Supervisor*;<br><br>       Defendants. | 23-CV-3706 (LTS)<br><br>ORDER OF DISMISSAL |

LAURA TAYLOR SWAIN, Chief United States District Judge:

  Plaintiff, who is proceeding *pro se* and *in forma pauperis* (IFP), filed this complaint alleging that Defendants violated his rights and the rights of his minor son. By order dated June 20, 2023, the Court directed Plaintiff to amend his complaint to address deficiencies in his original pleading. Plaintiff filed an amended complaint on July 19, 2023, and the Court has reviewed it. The action is dismissed for the reasons set forth below.

## BACKGROUND AND DISCUSSION

  Plaintiff filed this action against Bellevue Hospital, invoking 21 U.S.C. § 360bbb-3, which governs "authorization[s] for medical products for use in emergencies"; Title III of the Americans with Disabilities Act "(ADA")"; 18 U.S.C. §§ 241 and 242; the "New York City Administrative Code, Title 18 chapter 4-8-402;" and the "NYC Rights Article 4 sub-40-c." (ECF 1 ¶ I.A.) The following facts are drawn from the original complaint.

  On December 9, 2022, Plaintiff, his 12-year-old son, and his son's mother went to the Pediatric Dental Unit at Bellevue Hospital in Manhattan, and sat in the waiting area for a

scheduled appointment. (*Id.* at 9.) When Plaintiff's son's name was called for the appointment, a clerk said that the son would need to wear a mask. When Plaintiff objected, the clerk summoned "hospital authorities," and Plaintiff and his family were escorted out of the hospital before his son was treated. (*Id.*) Plaintiff claims that the hospital's mask rule "goes against [Section 360bbb-3], where it clearly states that no emergency use authorized medical devices [can] be mandated, such as mask, face coverings, PCR Test and COVID19 vaccines." (*Id.* at 9.) According to Plaintiff, "a refusal for an emergency use authorized product is a right." (*Id.*) Plaintiff filed a complaint with the "patient relations department," and an "American Disabilities Act rights advocate" wrote a letter to the hospital on Plaintiff's behalf, but Plaintiff received no response. (*Id.* at 10.)

Plaintiff alleged that this experience left him "emotionally distressed," for which he sought money damages. (*Id.* ¶ IV.) Plaintiff also sought an order

> [a]llow[ing] me + my son to be able to make all visits without requiring to wear masks whether it is dental check ups, primary care visits, etc. Also, if my son has dental appointments, primary care, appointments, or whatever it may be that I or more than 1 parent can go in with my son instead of just 1 parent.

(*Id.* at 7.)

On the same day that Plaintiff filed this complaint, he filed another complaint asserting similar claims against BronxCare Hospital. *See Romero v. BronxCare Hosp.*, ECF 1:23-CV-3708, 1 (S.D.N.Y. filed May 2, 2023) (pending).

In the June 20, 2023 order, the Court: (1) dismissed any claims filed on behalf of Plaintiff's son; (2) dismissed any claims under Section 360bbb-3 because that statute does not provide for a private right of action; (3) dismissed the claims arising under federal criminal statutes; (4) dismissed claims against Bellevue Hospital because it is a nonsuable entity, and informed Plaintiff that, if he wished to assert claims against H+H, he needed to allege facts

2

suggesting that a municipal policy, custom, or practice contributed to violations of his rights; and (5) directed Plaintiff to replead his ADA claim in an amended complaint because there were no facts in the original complaint suggesting that Plaintiff is disabled, that he was denied the opportunity to participate in or benefit from Defendants' services, programs, or activities because of a disability, or was otherwise discriminated against by Defendants by reason of a disability. (ECF 4.)

Plaintiff filed an amended complaint, again on behalf of himself and his minor son, naming as Defendants H+H; Bernadette Smalls, "Patient Representative Of Patient Relations" at Bellevue; Sarah Beth Lardie, the Executive Director of Bellevue; Dr. Margaret McHugh, Plaintiff's son's primary care doctor; and Dr. Catapano, the Pediatric Dental Department Supervisor. The allegations in the amended complaint are similar to those set forth in his original pleading. Plaintiff reiterates that he had a "right" to refuse Defendants' request that he and his family wear masks. (ECF 5 ¶ III.)

Plaintiff's amended complaint does not remedy the deficiencies outlined in the June 20, 2023 order. Plaintiff again purports to assert claims on his son's behalf, which he cannot do as a *pro se* litigant, and he fails to allege that he is disabled, or that he was denied the opportunity to participate in or benefit from Defendants' services, programs, or activities, or was otherwise discriminated against by Defendants because of a disability. Plaintiff has thus failed to set forth facts stating a viable claim under the ADA.

District courts generally grant a *pro se* plaintiff leave to amend a complaint to cure its defects, but leave to amend may be denied if the plaintiff has already been given an opportunity to amend but has failed to cure the complaint's deficiencies. *See Ruotolo v. City of New York*, 514 F.3d 184, 191 (2d Cir. 2008); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Because

the defects in Plaintiff's amended complaint cannot be cured with a further amendment, the Court declines to grant Plaintiff another opportunity to amend.

## CONCLUSION

Plaintiff's complaint, filed IFP under 28 U.S.C. § 1915(a)(1), is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Clerk of Court is directed to enter judgment in this case.

SO ORDERED.

Dated:   August 28, 2023
         New York, New York

                                            /s/ Laura Taylor Swain
                                            LAURA TAYLOR SWAIN
                                            Chief United States District Judge